# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| TOWN OF OGDEN DUNES, PORTER COUNTY, INDIANA, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 2:20CV34 |
| UNITED STATES OF AMERICA, DEPARTMENT OF INTERIOR, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**NOTICE OF INSUFFICIENT SERVICE OF PROCESS OF DEFENDANTS UNITED STATES OF AMERICA, DEPARTMENT OF INTERIOR, DAVID BERNHART, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF INTERIOR, DAVID VELA IN HIS OFFICIAL CAPACITY AS ACTING DIRECTOR OF THE NATIONAL PARK SERVICE, PAUL LABOVITZ, PARK SUPERINTENDENT, INDIANA DUNES NATIONAL PARK IN HIS OFFICIAL CAPACITY, UNITED STATES ARMY CORPS OF ENGINEERS, AND LIEUTENANT GENERAL TODD D. SEMONITE, COMMANDING GENERAL OF THE UNITED STATES ARMY CORPS OF ENGINEERS, IN HIS OFFICIAL CAPACITY**

### PROCEDURAL HISTORY[1]

On January 24, 2020, plaintiffs filed a Complaint against defendants. Docket No. 1. Plaintiffs name seven federal defendants, including the United States Department of the Interior (DOI), DOI's Secretary in his official capacity, the National Park Service (NPS), a sub-agency under DOI, and two NPS officials in their official capacities, and the United States Army Corps of Engineers (USACE) and USACE's Commanding General in his official capacity (federal defendants). *Id*. Although required by Fed. R. Civ. P. 4(*l*) to file returns of service for all entities and individuals served, plaintiffs only filed returns of service evidencing service on three

---

[1] Plaintiffs have not complied with all of their obligations under Fed. R. Civ. P. 4 for serving defendants and filing returns of service. The information in this procedural history was obtained from a docket sheet for this case accessed through PACER.

of the seven defendants: DOI, NPS, and Paul Labovitz, Park Superintendent, Indiana Dunes National Park in His Official Capacity. Plaintiffs did *not* meet the requirements of Fed. R. Civ. P. 4(i)(2), (*l*) requiring returns of service evidencing service on the following individual defendants sued in their official capacities: David Bernhart, in His Official Capacity as Secretary of DOI; David Vela in his Official Capacity as Acting Director of NPS;[2] and Lieutenant General Todd T. Semonite, Commanding General of USACE in His Official Capacity. Nor did plaintiff meet the requirements of Fed. R. Civ. P. 4(*l*) requiring a return service evidencing service on USACE. Finally, plaintiff did not meet the requirements of Fed. R. Civ. P. 4(i)(1)(A)-(B), (*l*) requiring plaintiffs to file a return of service evidencing service on the Attorney General of the United States at Washington D.C. and the United States Attorney for the Northern District of Indiana (USA-NDIN). Other than the USA-NDIN,[3] the undersigned counsel for the United States has not received any independent evidence confirming that plaintiffs accomplished service on any of those individuals and entities for which plaintiffs did not file returns of service evidencing service as described above.

## DISCUSSION OF SERVICE REQUIREMENTS

To serve a United States agency or a United States officer or employee only in an official capacity, a party must serve the United States *and* the agency *and* the officer or employee. Fed. R. Civ. P. 4(i)(2). Pursuant to Fed. R. Civ. P. 4(i)(1), to serve the United States, plaintiffs also must serve a copy of the summons and complaint on *both* the United States Attorney *and* the "Attorney General of the United States at Washington, D.C." Hence, for plaintiffs to effect

---

[2] The return of service for David Vela, in His Official Capacity as Acting Director of the National Park Service, *see* Docket No. 6, shows a postal return for the Department of the Interior which is not even addressed to Mr. Vela or the National Park Service.
[3] The United States Attorney for the Northern District of Indiana received service of the Summons and Complaint on January 27, 2020.

service on the seven federal defendants plaintiffs named in this case, plaintiffs are required to serve: (1) each of the three agency defendants; (2) each of the four individual defendants sued in their official capacities; (3) the United States Attorney for the Northern District of Indiana (USA-NDIN); and (4) the Attorney General of the United States at Washington, D.C. (AG). Plaintiffs then are required to file returns of service evidencing service on those four categories of individuals and entities. Fed. R. Civ. P. 4(*l*). As described in detail in the Procedural History above, plaintiffs have not done so for one of the agency defendants, three of the individual defendants sued in their official capacities, the USA-NDIN, and the AG. Accordingly, plaintiffs have not accomplished service on any of the seven federal defendants in this case as required by Fed. R. Civ. P. 4.

## CONCLUSION

As the foregoing discussion has demonstrated, plaintiffs have not accomplished service on any of the seven federal defendants. Nor have plaintiffs complied with the obligation to file returns of service evidencing service on *all* required individuals and entities. The seven federal defendants do *not* waive service.

Respectfully submitted,

THOMAS L. KIRSCH II
UNITED STATES ATTORNEY

/s/ Wayne T. Ault
WAYNE T. AULT
Assistant United States Attorney
Northern District of Indiana
5400 Federal Plaza, Suite 1500
Hammond, Indiana 46320
Telephone: 219-937-5500
Telecopy: 219-852-2770
Internet Address: Wayne.Ault@usdoj.gov

Counsel for Defendants United States of America, Department of Interior, David Bernhart, in His Official Capacity as Secretary of the Department of Interior, David Vela in His Official Capacity as Acting Director of the National Park Service, Paul Labovitz, Park Superintendent, Indiana Dunes National Park in His Official Capacity, United States Army Corps of Engineers, and Lieutenant General Todd D. Semonite, Commanding General of the United States Army Corps of Engineers in His Official Capacity